Graham, Judge,
delivered the opinion of the court:
The plaintiff sues for recovery of unpaid rent under a lease entered into on behalf of the United States by C. K. Forbes, Director of the Veterans’ Bureau. The lease was for the first, second, third, and fourth floors of a building located in Cincinnati, Ohio, and was entered into August 23, 1921. It was to continue until June 30, 1926. Prior to June 30, 1923, a representative of the Veterans’ Bureau notified plaintiff that the United States would give up occupancy of the premises as of June 30, 1923. What followed is stated thus in plaintiff’s petition:
“When June 30, 1923, arrived the officials of the Veterans’ Bureau desired to occupy the premises beyond that date, and possession was continued by the United States into the following fiscal year, the officials of the Veterans’' Bureau then stating that there was no intention on the part of the United States to pay rent for any longer time than the actual period of occupancy, and the officials of the claimant company stating that it was their contention that the lease extended to June 30,1926, and that even if the original lease was not binding beyond June 30, 1923, nevertheless if the United States remained longer than June 30, 1923, it would at least be liable for the stipulated rent for the year ending June 30, 1924, under the laws of the State of Ohio by reason of holding over.”
Plaintiff originally asked for the recovery of the rent to-June 30, 1926. However, it has abandoned this claim and is *372 only claiming rent for the period from December 31, 1923, to June 30, 1924. Alluding to the validity of the lease to June 30, 1926, plaintiff in its brief says :
“ Claimant’s counsel have made a reexamination of the authorities on this question and have decided to abandon this point.”
So that the case narrows down to the question whether the United States “was bound for the entire year ending June 30, 1924, by reason of holding over after June 30, 1923.”
As stated, the Government held over and occupied the premises after June 30,1923, to December 20, 1923, and paid rent to December 31, 1923. After the Government gave notice of its intention to vacate and surrender the premises as of June 30, 1923, it found it desirable to hold over for awhile and notified plaintiff to that effect, stating that it had no intention to pay rent for a longer time than the actual period of occupancy. Thereupon it was contended by plaintiff that if the Government held over it would be bound for the whole year, under the laws of the State of Ohio.
It does not appear that plaintiff took any steps to recover possession of the premises. There was no express contract or coming together of the minds of the parties on the subject. The Government said that it would hold over and would pay only for the time it occupied the premises. The plaintiff did nothing more than make a “contention” that the United States would be bound for the rent to June 30, 1926, or at least for the remainder of the year ending June 30, 1924, under the laws of the State of Ohio.
In the brief of plaintiff’s attorneys it is stated that “ there was no agreement whatsoever between the claimant and the United States as to the type of tenancy under which the United States was to occupy the premises after June 30, 1923.” It is therefore admitted, and could not be denied, that there was no express agreement as to the tenancy, and consequently no express contract has been shown.
Under these circumstances the best that can be said for plaintiff is that the United States by holding over would have been liable for the rental value of the premises for the period for which they were used. It seems to be conceded *373 that the rental fixed by the lease was the rental value. The United States occupied the premises for six months and paid the rental fixed by the lease for that period. It could not under the circumstances be held for anything more.
The demurrer should be sustained and the petition dismissed, and it is so ordered.
Hat, Judge; Booth, Judge/ and Campbell, Chief Justicey concur.